MILES et al. v. BARTON.

(Supreme Court, Appellate Term. December 20, 1907.)

DAMAGES—TIME TO WHICH DAMAGES MAY BE RECOVERED.

  Under a contract providing that payments thereunder should be at a proportionate rate for the time property was retained beyond a specified period, plaintiffs were only entitled to recover up to the date of the complaint.

  [Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 567.]

Appeal from City Court of New York, Trial Term.

Action by Herbert L. Miles and another, copartners doing business under the firm name of Miles Bros., against James D. Barton. From a judgment for plaintiffs, and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and McCALL and FORD, JJ.

Jacob S. Stahl, for appellant.
Kneeland, La Fetra & Glaze, for respondents.

PER CURIAM. There is but one feature in this record that has bothered us in affirming the judgment obtained, and that is the refusal of the learned trial justice to charge, when requested:

"That if the jury finds for the plaintiffs they can only find for them up to July 10th, the date of the complaint in this action, which would be for $600."

The refusal to so instruct the jury was based upon the belief that the contract between the parties called for these payments to be made in advance, and as the due date had passed the obligation to pay had accrued. It will be observed upon the reading of the contract that the learned court fell into this error by applying the provisions governing the payment for the Toronto engagement, which states same shall be made in advance; but the issue tried in this case covered a period subsequent thereto, and was for the retention, rather than the use, of the films, and the contract provides in this regard that the payments to be made, if any are chargeable, shall be made "at a proportionate rate for the time said property is retained beyond said period." It will thus be seen that there was no time antedating the

verification of the complaint when, as the learned trial justice erroneously concluded, the obligation became fixed, and hence within the limits defined by the pleadings, and consequently the request made should have been charged; and, as same materially affected the result, the judgment must be reversed, and a new trial ordered, unless. the plaintiffs agree to reduce the same to $600, with the costs obtained below. As so modified, the judgment will then be affirmed, without costs.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event, unless the plaintiffs stipulate to reduce the judgment to the sum of $600, with costs in the court below, in which event the judgment, as so modified, is to be affirmed, without costs of this appeal to either party.